Dear Mr. Broussard:
In your letter of February 10, 1984, you requested an opinion from this office concerning homestead exemption.
You provided us with the following information:
 Mrs. Elizabeth S. Poteet by Act of Donation dated August 10, 1983, donated her residence, which was formerly owned by the community which existed between her and her deceased husband, to a trust fund (the Elizabeth Poteet Trust) of which Mrs. Poteet is the sole lifetime beneficiary. The donation was made for estate planning reasons and the actual control, use and benefit of the residence remains unchanged. Mrs. Poteet has applied for Homestead Exemption for 1984 and thereafter until her death, at which time the residence will be owned by Mrs. Poteet's daughter, the principal beneficiary under the terms of the trust.
You have asked an opinion from this office as to whether the property in question is entitled to Homestead Exemption. In an opinion to Bernard Marcantel, dated March 22, 1974 concerning whether property in trust was subject to Homestead Exemption, this office held that property in a trust, title to which is in a trustee, not the surviving spouse, is not exempt from taxation. The opinion further states that,
 "However, if the settlor of the trust is also one of the trustees, or he or his wife is the principal beneficiary of the trust then, and in that event, it is felt that the property would be eligible for the exemption as the beneficial interest in the property has been retained by the settlor, either in his capacity as trustee or beneficiary."
In the case at hand, the settlor, Mrs. Poteet, is a trustee and the sole beneficiary of the trust during her lifetime, therefore, in the rationale of our 1974 opinion quoted above, the property in question is entitled to Homestead Exemption.
Sincerely,
 WILLIAM J. GUSTE, JR. Attorney General
______________________________ ANNETTE R. SENG Assistant Attorney General ARS:jv
Enclosures